IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **SUPERSEDING INDICTMENT** |
| **Plaintiff,** | CRIMINAL NO. 19-431 (PAD) |
| v. | |
| **[1] JULIA BEATRICE KELEHER,** (Counts 1 to 24) | Wire Fraud Title 18, <u>United States Code</u>, Section 1343 |
| **[2] ANGELA AVILA-MARRERO,** (Counts 72 to 90) | Wire Fraud Conspiracy Title 18, <u>United States Code</u>, Section 1349 |
| **[3] ALBERTO VELAZQUEZ-PIÑOL,** (Counts 25 to 98) | Aggravated Identity Theft Title 18, <u>United States Code</u>, Section 1028A |
| **[4] FERNANDO SCHERRER-CAILLET,** (Counts 25 to 71 and 82 to 84) | Federal Program Bribery Title 18, <u>United States Code</u>, Section 666 |
| **[7] ANIBAL JOVER-PAGES,** (Counts 85 to 98) | Aiding and Abetting Title 18, <u>United States Code</u>, Section 2 |
| **Defendants.** | **(98 COUNTS and FORFEITURE ALLEGATIONS)** |

THE GRAND JURY CHARGES:

<u>GENERAL ALLEGATIONS</u>

AT ALL TIMES MATERIAL TO THIS INDICTMENT:

1.     Defendant [1] JULIA BEATRICE KELEHER ("KELEHER") was the Secretary of the Puerto Rico Department of Education ("PRDE"), an agency of the Commonwealth of Puerto Rico, from January 2017 to March 2019.

2.     Defendant [2] ANGELA AVILA-MARRERO ("AVILA"), was an employee of *Administración de Seguros de Salud de Puerto Rico* (hereinafter "ASES"), a dependency of the Department of Health, an agency of the Commonwealth of Puerto Rico. In January 2017, AVILA

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

was Acting Executive Director of ASES.  In February 2017, she became Executive Director of

ASES, after being appointed to the position by the Governor of Puerto Rico.

    3.    Defendant [3] ALBERTO VELAZQUEZ-PIÑOL ("VELAZQUEZ") was the

principal of Azur, LLC ("Azur"), a for-profit limited liability company organized under the laws

of Puerto Rico.  Between 2017 and 2018, [3] VELAZQUEZ had numerous e-mail communications

with the Governor of Puerto Rico, including the following e-mail exchange on March 17, 2017.

At 6:07am the Governor e-mailed [3] VELAZQUEZ, stating:

| Original Spanish language | English translation |
|---|---|
| "Alberto – <br> Me gustaría hablar contigo para varios asuntos; incluyendo el nuevo modelo de salud que he diseñado. También, áreas que entiendas tengamos escasos recursos en Salud y ASES; para solicitar mediante la Junta de Supervisión recursos federales que no complementen en el esfuerzo. Me alegra mucho saber que estas en el equipo. Un fuerte abrazo." | "I would like to talk to you as to various matters, including the new health model that I have designed. Also, areas that you believe we may have scarce resources in Health and ASES, to request through the Supervision Board federal resources that can complement us in the effort. It makes me very happy knowing that you are on the team." <br> A strong hug." |

[3] VELAZQUEZ responded at 6:20am, stating:

| Original Spanish language | English translation |
|---|---|
| "Gobernador! <br> Para mí es un privilegio poder cooperar y aportar apoyándote.  Estoy disponible a tu mejor conveniencia. Recibe un fuerte abrazo, Alberto" | "Governor! <br> For me it is a privilege to be able to cooperate and contribute supporting you.  I'm available at your earliest convenience.  Receive a strong hug, Alberto" |

    4.    Defendant [4] FERNANDO SCHERRER-CAILLET ("SCHERRER") was the

managing partner of BDO Puerto Rico, P.S.C. ("BDO"), a for-profit professional services

corporation organized under the laws of the Commonwealth of Puerto Rico.  Between 2017 and

2018, BDO paid Azur approximately $942,304.13 for its services to BDO.

    5.    Colón & Ponce, Inc. ("Colón & Ponce"), was a corporation organized under the

laws of the Commonwealth of Puerto Rico.  Mayra Ponce, not charged in this superseding

indictment, was one of the two partners of Colón & Ponce.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

6.    Glenda Ponce, not charged in this superseding indictment, was an assistant for [1] KELEHER at PRDE between 2017 and 2018, and was the sister of Mayra Ponce.

7.    An individual identified in this indictment as an Unindicted Co-conspirator ("UCC") was a BDO partner.

8.    Defendant [8] ANIBAL JOVER ("JOVER") was the President of Intelligent Grant Solutions, LLC ("IGS"), a for-profit limited liability company organized under the laws of the Commonwealth of Puerto Rico.

9.    Each of the e-mails described in the individual wire fraud counts in this superseding indictment were transmitted in interstate commerce.

10.    All dates and times stated in this superseding indictment should be understood to include the phrase "on or about" before the date and time stated.

11.    Law No. 1 of June 3, 2012, also known as the *Ley de Etica Gubernamental de Puerto Rico* (Puerto Rico Government Ethics Act, hereinafter the "Act"), was in force throughout the period during which the events described in this superseding indictment occurred.

(a)    Section 1.2(n) of the Act defined a "conflict of interest" as a "situation in which personal or financial interests are or could be reasonably inconsistent with public interest."

(b)    Section 1.2(s) of the Act, in relevant part, defined "confidential document or information" as: "that which is defined as confidential by the law." Section 1.2(s) of the Act further defined "confidential document or information" as "that which, if disclosed, could harm the fundamental rights of third parties or the right to privacy and the private life of public servants; the disclosure of which could constitute a violation of the executive privilege; when the document or information is part of a deliberation process when drafting public policy and, if disclosed…may impair any business transactions or official efforts of the State in progress when requesting such information. This term includes reports, memoranda or any written document drafted by a public

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

servant in discharging the duties of his/her office or job for his/her superior or in connection with internal decisions and actions of the department."

(c)    Section 4.2(d) of the Act prohibited public servants from accepting or soliciting "from a private person or business, whether directly or indirectly, benefits for him/herself or a person, business, or entity in exchange for carrying out actions that are biased to favor him/her or another private person or business."

(d)    Section 4.2(f) of the Act required public servants to refrain from revealing or using "confidential information or documents obtained as a result of his/her employment to obtain, directly or indirectly, any benefit for him/herself or any other private person or business."

(e)    In relevant part, Section 4.2(g) of the Act provided that "[n]o public servant shall intervene, directly or indirectly, in any matter in which any member of his/her family unit, relative, partner, or housemate has a conflict of interest that may result in benefit for any of the abovementioned."

(f)    Section 4.2(s) of the Act provided that "[n]o public servant shall carry out any action that may call the impartiality of the government endeavor into question."

(g)    Section 4.3(e) of the Act provided that "[n]o public servant shall approve or authorize a contract with a private person or business knowing that such person or business is representing cases or matters which involve a conflict of interest between the contracting agency and the personal interests said private person or business is representing. To such effects, a contractual clause shall be included in which such private person or business certifies that it is not involved in a conflict of interest."

(h)    Section 4.5 of the Act provided that "[a]ny public servant who must take any official action that is contrary to the prohibitions established by Sections 4.2, 4.3, and 4.4 shall report it to the Office [of Government Ethics] before taking such action. In his/her statement, the public servant may request to be relieved from intervening in the matter or participating in the agency's deliberations related to the official matter."

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNTS 1 to 8
### Title 18, United States Code, Section 1343 (Wire Fraud)
### [DEPRIVATION OF CONFIDENTIAL PRDE INFORMATION]

12.     Paragraphs 1, 9 and 10, 11, 11(b), and 11(d) of the General Allegations are hereby re-alleged and incorporated by reference as though fully set forth herein.

13.     On February 3, 2017, defendant [1] KELEHER signed an Agreement for Professional Services with the Puerto Rico Fiscal Agency and Financial Advisory Authority ("FAFAA") to restructure all curricular and administrative areas of the PRDE. The Ninth Clause of the agreement read, in part, as follows:

> "The Consultant acknowledges the proprietary and confidential nature of all internal, non-public, information systems, financial, and business information relating to the Authority, its subsidiary corporations and affiliates, as well as to the Commonwealth of Puerto Rico, its agencies, corporations or municipalities now or hereafter provided to the Consultant in connection with the Consultant's engagement by the Authority under this Agreement." ***
> "The Consultant shall not make public or disclose, nor copy, reproduce or distribute at any time the Materials to third parties without the Authority's previous written consent."

14.     Individual A was a close friend of [1] KELEHER, and the president of Company A, a corporation authorized to conduct business under the laws of the Commonwealth of Puerto Rico. It was known to [1] KELEHER that Individual A, for pay and profit, was seeking contracts for Company A with FAFAA and other entities in relation to proposed services to PRDE.

15.     On February 10, 2017, at around 5:51am, [1] KELEHER sent an e-mail to two PRDE employees, where she stated, in part, as follows:

| Original Spanish language | English translation |
|---|---|
| "Necesito un archivo en Excel que incluye una pestaña por cada escuela especializad (sic) y voacional (sic) que tiene el DE. Quiero saber, por cada escuela:<br>  Matricula<br>  Cantidad de maestros<br>  Total de salario/nomina<br>Lo necesito hoy. Gracias" | "I need an Excel file that includes a tab for each specialized and vocational school that the DE has. I want to know, for each school:<br>  Enrollment<br>  Number of teachers<br>  Salary total/payroll<br>I need it today. Thank you" |

5

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

16.     On February 10, 2017, at 5:55am, [1] KELEHER sent an e-mail to a PRDE employee, where she stated, in part, as follows:

| Original Spanish language | English translation |
|---|---|
| "Necesito un archivo que incluye – por SOLO la Region de San Juan | "I need a file that includes – ONLY for the San Juan Region |
| 1. Cantidad de maestros por escuela y salario | 1. Number of teachers per school and salary |
| 2. empleados por districto (sic) y salario (cada uno) | 2. employees by district and salary (for each) |
| 3. empleados por region y salario …" | 3. employees per region and salary …" |

17.     On February 10, 2017, at 1:41pm and at 1:43pm, the PRDE employee referenced in paragraph 15 sent in two separate e-mails to [1] KELEHER's PRDE e-mail account, the files requested by [1] KELEHER in the preceding paragraph.

18.     On the dates listed in Counts 1 through 8, neither Individual A nor Company A had any contract or non-disclosure agreement with PRDE that would allow them access to PRDE confidential information.

THE SCHEME TO DEPRIVE OF PROPERTY

19.     From in or about February 2017 to in or about March 2017, defendant [1] KELEHER and others not charged in this superseding indictment schemed to defraud and deprive PRDE of the right to the exclusive use of its confidential information through deceptive means, in that [1] KELEHER used her position as Secretary of PRDE for the purpose of obtaining, disclosing, and converting PRDE confidential information for the use of a third party, Individual A, causing the transmission of interstate electronic mail communications for the purpose of disclosing said information.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

20.     On each of the dates set forth below, in the District of Puerto Rico and elsewhere,

the defendant,

### [1] JULIA BEATRICE KELEHER,

aided and abetted by others not charged in this superseding indictment, willfully and knowingly,

having devised and intending to devise a scheme to defraud, and for obtaining money and property

by means of materially false and fraudulent pretenses, representations and promises, transmitted

and caused to be transmitted by means of wire, radio, and television communication in interstate

and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing

such scheme:

| Count | Date | Description of E-mails and Attachments |
|-------|------|----------------------------------------|
| 1 | 02/11/2017 2:54pm | E-mail from [1] KELEHER'S PRDE e-mail address to her Gmail address, with the following files containing confidential PRDE information: *Lista de Personal Región San Juan 2016-2017.xlsx, Resultados META_PR Ciencias.xlsx, Resultados META_PR Españo l.xlsx, Resultados META_PR Inglés.xlsx,* and *Resultados META_PR.xlsx.* |
| 2 | 02/11/2017 3:01pm | E-mail from [1] KELEHER'S PRDE e-mail address to her Gmail address, with the following files containing confidential PRDE information: *Lista de Maestros con su salario –Esc-con Ofrecimiento Voc 2016-2017.xlsx, Lista de Maestros con su salario -Esc-Especializadas 2016-2017.xlsx,* and *Lista de Maestros con su salario-Esc-Vocacionales 2016-2017.xlsx.* |
| 3 | 02/11/2017 2:55pm | E-mail from [1] KELEHER's Gmail address to Individual A, with the following files containing confidential PR DOE information: *Lista de Personal Región San Juan 2016-2017.xlsx, Resultados META_PR Ciencias.xlsx, Resultados META_PR Españo l.xlsx, Resultados META_PR Inglés.xlsx,* and *Resultados META_PR.xlsx.* |
| 4 | 02/11/2017 3:12pm | E-mail from [1] KELEHER's Gmail address to Individual A, with the following files containing confidential PRDE information: *Lista de Maestros con su salario –Esc-con Ofrecimiento Voc 2016-2017.xlsx, Lista de Maestros con su salario -Esc-Especializadas 2016-2017.xlsx,* and *Lista de Maestros con su salario-Esc-Vocacionales 2016-2017.xlsx.* |
| 5 | 02/12/2017 4:36pm | E-mail from [1] KELEHER'S PRDE e-mail address forwarding to her Gmail address an e-mail with confidential PRDE information from the Director of the Arsenio Martinez Superior School regarding the school's classification. |

7

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

| Count | Date | Description of E-mails and Attachments |
|---|---|---|
| 6 | 02/12/2017 4:37pm | E-mail from [1] KELEHER's Gmail address to Individual A, which included a pdf file with confidential PRDE information from the Director of the Arsenio Martinez Superior School regarding the school's classification. |
| 7 | 02/20/2017 4:03pm | E-mail from PRDE employee to [1] KELEHER's Gmail address, with the subject matter "*Fwd: Ejemplos Organizacion Escolar*" (in English: "Fwd: School Organization Examples"), with the following files that contained confidential PRDE information: *Programa de Organizacion Escolar_Especializada_CentralArtesVisuales_61572.pdf (487.03 kB); Programa de Organizacion Escolar_EspecializadaBilingue_PadreRufo_61747.pdf (467.42 kB) Programa de Organizacion Escolar_Elemental_AntonioBCalmary_61580.pdf (408.15 kB) Programa de Organizacion Escolar_Intermedia_AlejandroTapiayRivera_69179.pdf (419.97 kB)* |
| 8 | 02/20/2017 6:49pm | E-mail from [1] KELEHER's Gmail address to Individual A, with the subject matter "*Fwd: Ejemplos Organizacion Escolar*" (in English: "Fwd: School Organization Examples"), with the following files that contained confidential PRDE information: *Programa de Organización Escolar_Especializada_CentralArtesVisuales_61572.pdf (487.03 kB); Programa de Organizacion Escolar_EspecializadaBilingue_PadreRufo_61747.pdf (467.42 kB) Programa de Organizacion Escolar_Elemental_AntonioBCalmary_61580.pdf (408.15 kB) Programa de Organizacion Escolar_Intermedia_AlejandroTapiayRivera_69179.pdf (419.97 kB)* |

Each e-mail communication so transmitted constituting a separate and distinct violation of Title

18, United States Code, Sections 1343 and 2.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNT 9
### Title 18, <u>United States Code</u>, Section 1028A
### (Aggravated Identity Theft)

21.     Paragraphs 1, 9 and 10 of the General Allegations and the description of the e-mail set forth in Count 3 are hereby re-alleged and incorporated by reference as though fully set forth herein.

22.     On or about February 11, 2017, at 2:55pm, in the District of Puerto Rico and elsewhere, the defendant,

### [1] JULIA BEATRICE KELEHER,

did knowingly transfer, without lawful authority, a means of identification of other persons, namely, the names and PRDE position numbers of approximately 7,331 individuals employed by PRDE, contained in an Excel spreadsheet identified as:

*Lista de Personal Región San Juan 2016-2017*.xlsx,

during and in relation to a felony violation enumerated in Title 18, <u>United States Code</u>, Section 1028A(c), to wit, wire fraud in violation of Title 18, <u>United States Code</u>, Section 1343, knowing that the means of identification contained in the spreadsheet described above belonged to at least another actual person, all in violation of Title 18, <u>United States Code</u>, Section 1028A(a)(1).

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNT 10
### Title 18, <u>United States Code</u>, Section 1028A
### (Aggravated Identity Theft)

23.     Paragraphs 1, 9 and 10 of the General Allegations and the description of the e-mail set forth in Count 4 are hereby re-alleged and incorporated by reference as though fully set forth herein.

24.     On or about February 11, 2017, at 3:12pm, in the District of Puerto Rico and elsewhere, the defendant,

### [1] JULIA BEATRICE KELEHER,

did knowingly transfer, without lawful authority, a means of identification of another person, that is, the names and PRDE position numbers of approximately 6,087 individuals employed by PRDE, contained in three Excel spreadsheets identified as:

*Lista de Maestros con su salario –Esc-con Ofrecimiento Voc 2016-2017.xlsx,*

*Lista de Maestros con su salario -Esc-Especializadas 2016-2017.xlsx,* and

*Lista de Maestros con su salario-Esc-Vocacionales 2016-2017.xlsx;*

during and in relation to a felony violation enumerated in Title 18, <u>United States Code</u>, Section 1028A(c), to wit, wire fraud in violation of Title 18, <u>United States Code</u>, Section 1343, knowing that the means of identification contained in the spreadsheets described above belonged to at least another actual person, all in violation of Title 18, <u>United States Code</u>, Section 1028A(a)(1).

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNT 11
### Title 18, <u>United States Code</u>, Section 1028A
### (Aggravated Identity Theft)

25.     Paragraphs 1, 9 and 10 of the General Allegations and the description of the e-mail set forth in Count 8 are hereby re-alleged and incorporated by reference as though fully set forth herein.

26.     On or about February 20, 2017, in the District of Puerto Rico and elsewhere, the defendant,

### [1] JULIA BEATRICE KELEHER,

did knowingly transfer, without lawful authority, a means of identification of another person, that is, the names and PRDE position numbers of approximately 108 individuals employed by PRDE, contained in four PRDE school organization charts, identified as:

*Programa de Organizacion Escolar_Especializada_CentralArtesVisuales_61572.pdf (487.03 kB),*
*Programa de Organizacion Escolar_EspecializadaBilingue_PadreRufo_61747.pdf (467.42 kB),*
*Programa de Organizacion Escolar_Elemental_AntonioBCalmary_61580.pdf (408.15 kB),* and
*Programa de Organizacion Escolar_Intermedia_AlejandroTapiayRivera_69179.pdf (419.97 kB);*

during and in relation to a felony violation enumerated in Title 18, <u>United States Code</u>, Section 1028A(c), to wit, wire fraud, in violation of Title 18, <u>United States Code</u>, Section 1343, knowing that the means of identification contained in the spreadsheets described above belonged to at least another actual person, all in violation of Title 18, <u>United States Code</u>, Section 1028A(a)(1).

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNTS 12 to 14
### Title 18, United States Code, Sections 1343 and 2 (Wire Fraud)
### [SHAM SELECTION PROCESS SCHEME]

27.    Paragraphs 1, 5, 6, 9 and 10, 11, 11(a), 11(e), 11(f), 11(g), and 11(h) are hereby re-alleged and incorporated by reference as though fully set forth herein.

28.    In January 2017, Glenda Ponce began to work as an assistant at the office of the Secretary of PRDE.  At the time, she was neither an employee of, nor did she have a contract with PRDE.

29.    On March 28, 2017, Glenda Ponce signed a contracting services agreement with PRDE.  Under the terms of this contract, which [1] KELEHER signed on behalf of PRDE, Glenda Ponce certified that she would comply with the Act.

30.    Glenda Ponce was the sister of Mayra Ponce, one of the two partners of Colón & Ponce, a company that had no employees on its payroll and used contractors to staff its projects.  [1] KELEHER was aware that Glenda and Mayra Ponce were sisters, and that Mayra Ponce was a principal of Colón & Ponce.

31.    The Guide for the Selection of Professional Services Paid for with Federal Funds (*Guía para la Selección de Servicios Profesionales Sufragados con Fondos Federales*) (hereafter, the "Guide") governed the procedures by which the PRDE could award federally funded contracts.  In relevant part, the Guide established that certain federally funded professional services contracts could be executed only after the completion of a competitive selection process known as a Request for Quote ("RFQ").  The Guide also provided that "[a]ll state laws related to standards of conduct of public servants and contractors and conflicts of interest shall be applicable hereto, including laws that entail fines, penalties, or any other disciplinary action for offenses of this kind."

32.    On April 11, 2017, Glenda Ponce forwarded a professional services proposal from Colón & Ponce to [1] KELEHER, even though PRDE had not issued a RFQ to entities competing to perform such services.  Shortly afterwards, that same day, [1] KELEHER sought to award a professional services contract to Colón & Ponce without any RFQ taking place.

12

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

33.     Notwithstanding the above, a RFQ process was initiated on May 16, 2017 by which various entities, including Colón & Ponce, were invited to submit proposals to PRDE.

34.     On May 17, 2017, [1] KELEHER instructed Glenda Ponce to go to the office of a PRDE official conducting the RFQ's proposal evaluations, to ask about the status of the process. Glenda Ponce informed the PRDE official that [1] KELEHER already had her services proposal.

35.     On May 24, 2017, [1] KELEHER signed Colón & Ponce's proposal.  She did not initial any other proposal in relation to the abovementioned RFQ.  At the time, no PRDE memorandum had been issued recommending the selection of any of the participants in the RFQ.

36.     On May 25, 2017, a PRDE memorandum recommending Colón & Ponce's selection in the RFQ was signed by two of three PRDE officials participating in the process.  The PRDE official conducting the evaluation of the RFQ did not sign the memorandum.

37.     [1] KELEHER never reported the existence of any conflict of interest to the Office of Government Ethics in relation to the awarding of a PRDE contract to Colón & Ponce.

38.     On May 25, 2017, [1] KELEHER signed a request from PRDE to senior Puerto Rico government officials requesting authorization to award a contract to Colón & Ponce, thereby causing PRDE to falsely certify that its request was in compliance with all laws, orders, rules, circular letters and other regulations applicable to the government's fiscal policy.

39.     On June 8, 2017, [1] KELEHER caused PRDE to enter into a professional services contract (2017-AF0220) with Colón and Ponce for $43,350.00.

THE SCHEME TO DEPRIVE OF PROPERTY

40.     From in or about March 2017 to in or about June 2017, defendant [1] KELEHER, together with Mayra Ponce and Glenda Ponce, schemed to defraud and deprive PRDE of moneys in connection with a PRDE contract paid with federal funds by causing PRDE to award a contract

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

to Colón & Ponce under the guise of a sham competitive RFQ process, causing PRDE officials to

misrepresent to senior Puerto Rico government officials that PRDE had complied with all laws,

orders, rules and applicable regulations in the selection of Colón & Ponce, when in truth and in

fact, and as [1] KELEHER well knew, [1] KELEHER had selected Colón & Ponce for the contract

without regard for the RFQ process, the Guide and the Act.

41.     On or about each of the dates set forth below, in the District of Puerto Rico, the

defendant,

## [1] JULIA BEATRICE KELEHER,

aided and abetted by Mayra Ponce and Glenda Ponce, not charged in this superseding indictment,

willfully and knowingly, having devised and intending to devise a scheme to defraud, and for

obtaining money and property by means of materially false and fraudulent pretenses,

representations and promises, transmitted and caused to be transmitted by means of wire, radio,

and television communication in interstate and foreign commerce, writings, signs, signals,

pictures, and sounds for the purpose of executing such scheme:

| Count | Date | Description of E-mails and Attachments |
|-------|------|----------------------------------------|
| 12 | 04/11/2017 3:29pm | E-mail from Mayra Ponce to Glenda Ponce, in relation to Colón & Ponce's proposal to PRDE, in which Mayra Ponce requests that the proposal be passed to PDF format before being sent. |
| 13 | 04/11/2017 3:42pm | E-mail from Glenda Ponce to [1] KELEHER, forwarding Colón & Ponce's proposal with PRDE in PDF format. |
| 14 | 04/12/2017 | E-mail from one PRDE official to another PRDE official, notifying that [1] KELEHER requested the contracting of Colón & Ponce. |

Each e-mail communication so transmitted constituting a separate and distinct violation of Title

18, United States Code, Sections 1343 and 2.

14

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNT 15
### Title 18, <u>United States Code</u>, Section 1349 (Wire Fraud Conspiracy)
### [SHAM SELECTION PROCESS SCHEME]

42.     Paragraphs 25 through 41 are hereby re-alleged and incorporated by reference as though fully set forth herein.

43.     From in or about March 2017 through in or about June 2017, in the District of Puerto Rico, and elsewhere, the defendant,

### [1] JULIA BEATRICE KELEHER,

together with Mayra Ponce and Glenda Ponce, not charged in this superseding indictment, knowingly and willfully conspired with each other to commit an offense against the United States, that is, wire fraud, in violation of Title 18, <u>United States Code</u>, Section 1343; all in violation of Title 18, <u>United States Code</u>, Section 1349.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNTS 16 to 22
### Title 18, <u>United States Code</u>, Sections 1343 and 2 (Wire Fraud)
### [INDIVIDUAL C SUB-CONTRACTING SCHEME]

44.     Paragraphs 1, 7, 9 and 10 of the General Allegations are hereby re-alleged and incorporated by reference as though fully set forth herein.

45.     On June 8, 2017, PRDE entered into a professional services contract (2017-AF0220) with Colón and Ponce (referred to as the "Second Party" in the contract), to provide certain services.  The contract allowed Colón & Ponce to invoice a total of $43,500.00 and had a duration of up to December 31, 2017.  It contained the following provision at paragraph 24:

| Original Spanish language | English translation |
|---|---|
| "La Segunda Parte no podrá subcontratar, ceder ni traspasar los servicios objeto de este contrato. La Segunda Parte será responsable de la contratación y/o reclutamiento del personal que ofrecerá los servicios y actividades estipulados en la cláusula TERCERA de este Contrato. ... " | "The Second Party may not subcontract, give or transfer the services object of this contract.  The Second Party will be responsible for the hiring and/or recruitment of the personnel that will offer the services and activities stipulated in the THIRD clause of this Contract ... ..." |

46.     Individual B had been a gubernatorial candidate in the Puerto Rico General Elections of 2016, and Individual C was Individual B's campaign manager.  Individual B was an incorporator of Company D, a nonprofit organization organized under the laws of the Commonwealth of Puerto Rico on November 15, 2017.  In 2018, defendant [1] KELEHER sought an increase in her annual salary as Secretary of PRDE, from $200,000.00 to $450,000.00, payable by Company D.

47.     On July 5, 2017, Individual B e-mailed [1] KELEHER and recommended that she hire Individual C to work at PRDE.  In August 2017, Individual C began working at PRDE without being an employee or contractor of PRDE.

48.     Sometime before October 25, 2017, [1] KELEHER informed Individual C that Individual C would be working through Colón & Ponce, a company of which Individual C had never heard.

16

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

49.     On October 25, 2017, PRDE entered into an amended contract with Colón & Ponce.
The amended contract increased the maximum value of the contract, from $43,550.00, to
$93,550.00, with a duration until December 31, 2017.  The amended contract left unaffected
Clause 24 of the original contract, which prohibited Colón & Ponce from subcontracting services
under the contract.

50.     On October 25, 2017, after PRDE and Colón & Ponce signed the abovementioned
contract amendment, Individual C signed a contractor agreement with Colón & Ponce under which
Individual C would provide services to Colón & Ponce at a rate of $40.00 per hour.

51.     After October 25, 2017, Colón & Ponce submitted invoices to PRDE for services
performed under its contract with PRDE.  The invoices included subcontractor services performed
by Individual C, in violation of PRDE's contract with Colón & Ponce.

52.     Sometime in December 2017, Individual C was informed by [1] KELEHER that
BDO would pay for her professional services from January 2018 onwards.

53.     On December 28, 2017, Individual C signed an independent contractor agreement
with BDO, at a rate of $40 per hour and with a starting date of January 2, 2018.

54.     From January 2018 to July 2018, BDO submitted invoices to PRDE for services
performed under its contract with PRDE, including subcontractor services performed by Individual
C, charging for such services as if Individual C was a Senior or Manager of BDO.

## THE SCHEME TO DEPRIVE OF PROPERTY

55.     From in or about October 2017 to in or about July 2018, defendant [1] KELEHER
and others not charged in this superseding indictment, schemed to defraud and deprive PRDE of
its moneys in connection with PRDE contracts for professional services with Colón & Ponce and
BDO, in that [1] KELEHER, knowing that said contracts prohibited these entities from

17

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

subcontracting its services, caused Colón & Ponce and BDO to subcontract such services to

Individual C, while concealing this fact in their invoices to PRDE, causing PRDE to pay for said

services.

56. On or about each of the dates set forth below, in the District of Puerto Rico,

**[1] JULIA BEATRICE KELEHER,**

the defendant herein, aided and abetted by others not charged in this superseding indictment,

willfully and knowingly, having devised and intending to devise a scheme to defraud, and for

obtaining money and property by means of materially false and fraudulent pretenses,

representations and promises, transmitted and caused to be transmitted by means of wire, radio,

and television communication in interstate and foreign commerce, writings, signs, signals,

pictures, and sounds for the purpose of executing such scheme, as follows:

| Count | Date | Description of E-mails and Attachments |
|-------|------|----------------------------------------|
| 16 | 12/22/2017 | E-mail from Individual C to Mayra Ponce, in which Individual C asks Ponce for payment for her services from August until December 2017, under PRDE's contract with Colón & Ponce. |
| 17 | 12/26/2017 | E-mail from Mayra Ponce to Individual C, where Ponce explains that Colón & Ponce's contract with Individual C started on October 25, 2017, the same date that the contract amendment between Colón & Ponce and PRDE was effective, and thus Colón & Ponce would pay Individual C only for her services from October 2017 onwards. |
| 18 | 02/28/2018 | E-mail from a BDO Internal Accountant to Individual C, informing that the monthly contractor payroll at BDO is paid every 15th day and that when the check is ready, the Internal Accountant sends an e-mail notifying that the check can be picked up in BDO's reception area or sent by mail. |
| 19 | 03/02/2018 | E-mail from a BDO Internal Accountant to Individual C, informing of the availability of Individual C's January 2018 check. |
| 20 | 03/15/2018 | E-mail from a BDO Internal Accountant to Individual C and other contractors, informing of the availability of the February 2018 checks. |
| 21 | 04/13/2018 | E-mail from a BDO Internal Accountant to Individual C and other contractors, informing of the availability of the March 2018 checks. |
| 22 | 05/15/2018 | E-mail from a BDO Internal Accountant to Individual C and other contractors, informing of the availability of the April 2018 checks. |

Each e-mail communication so transmitted constituting a separate and distinct violation of Title

18, United States Code, Sections 1343 and 2.

18

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNT 23
### Title 18, <u>United States Code</u>, Section 1349 (Wire Fraud Conspiracy)
### [INDIVIDUAL C SUB-CONTRACTING SCHEME]

57.     Paragraphs 44 to 56 are hereby re-alleged and incorporated by reference as though fully set forth herein.

58.     From in or about October 2017 through in or about July 2018, in the District of Puerto Rico, and elsewhere,

### [1] JULIA BEATRICE KELEHER,

the defendant herein, and Mayra Ponce and persons associated with BDO, knowingly and willfully conspired with each other to commit an offense against the United States, that is, wire fraud, in violation of Title 18, <u>United States Code</u>, Section 1343; all in violation of Title 18, <u>United States Code</u>, Section 1349.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNT 24
### Title 18, United States Code, Section 666(a)(1)(B)
### (Bribery by Agent of Organization Receiving Federal Funds)

59.     Paragraphs 1, 5, 6, 9 and 10 of the General Allegations and paragraphs 46 through
51 are hereby re-alleged and incorporated by reference as though fully set forth herein.

60.     PRDE was an agency of the government of the Commonwealth of Puerto Rico,
which received benefits of more than $10,000 under a Federal program involving a grant, contract,
subsidy, loan, guarantee, insurance, and other form of Federal assistance during the twelve months
preceding October 25, 2017, and the twelve months following October 25, 2017.  Defendant [1]
KELEHER, as Secretary of PRDE, was an agent of said government agency.

61.     On or about October 25, 2017, in the District of Puerto Rico, and elsewhere,

### [1] JULIA BEATRICE KELEHER,

the defendant herein, did corruptly solicit and demand for the benefit of any person, a thing of
value from a person, intending to be influenced and rewarded in connection with a transaction and
series of transactions of an organization, government, or agency, involving $5,000 or more, to wit,
defendant did corruptly solicit and demand for the benefit of Individual C, that Colón and Ponce
award a contract to Individual C to perform subcontractor services under Colón & Ponce's contract
with PRDE, an agency of the Commonwealth of Puerto Rico, despite said contract expressly
prohibiting Colón & Ponce from subcontracting any of its services, and [1] KELEHER did this
intending to be influenced in connection with a contract amendment between PRDE and Colón &
Ponce; said contract amendment was authorized by [1] KELEHER,  allowing Colón & Ponce to
increase its earnings under the original contract by $50,000.00; all in violation of Title 18, United
States Code, Section 666(a)(1)(B).

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNTS 25 to 48
### Title 18, United States Code, Sections 1343 and 2 (Wire Fraud)
### [BDO LOBBYING SERVICES FEE SCHEME]

62.     Paragraphs 3, 4, 7, 9 and 10 of the General Allegations are hereby re-alleged and incorporated by reference as though fully set forth herein.

63.     At all times stated in this Superseding Indictment, Puerto Rico Act 103 of May 25, 2006, was in effect.   Section 17 of the act read as follows:

**"Use of Public Funds for the Payment of Professional Lobbying Services.**
The use of public funds to defray the cost of professional lobbying services shall be limited to those services whose finality is only and exclusively the attainment of federal funds or that legislation that promotes the economic welfare of Puerto Rico. Any contract for these services shall have to produce a greater amount of federal funds or benefits than the amount of public funds disbursed to cover the amount of the contract. If otherwise, the amount shall be automatically cancelled, when its effectiveness is for more than a year. Likewise, upon its expiration, the renewal thereof shall be prohibited if during its term it has not produced a sum of federal funds or benefits greater than the cost incurred for the services."

64.     On the dates listed below, BDO entered into contracts (shown in **boldface** in the table below) and amendments to contracts (denoted by an asterisk (*) in the table below) with PRDE, signed by the BDO officials named below, for professional services specified in the contracts and for the maximum amounts and durations listed below:

### BDO CONTRACTS AND AMENDMENTS TO CONTRACTS WITH PRDE

| Contract Number | Signing Date | Contract Signed on Behalf of BDO by | Contract Duration Until | Contract Amount |
|---|---|---|---|---|
| **2017-AF0159** | 11/03/2016 | [4] SCHERRER | 06/30/2017 | $199,500.00 |
| 2017-AF0159* | 03/14/2017 | [4] SCHERRER | 06/30/2017 | Increased by $490,580.00 |
| 2017-AF0159* | 04/19/2017 | [4] SCHERRER | 06/30/2017 | Increased by $589,000.00 |
| **2018-AF0019** | 07/10/2017 | [4] SCHERRER | 06/30/2018 | $4,770,300.00 |
| 2018-AF0019* | 01/19/2018 | [4] SCHERRER | 06/30/2018 | Increased by $1,938,000.00 |
| **2019-AF0022** | 07/31/2018 | UCC | 06/30/2019 | $6,363,000.00 |
| 2019-AF0022* | 03/01/2019 | [4] SCHERRER | 06/30/2019 | Increased by $1,816,500.00 |

65.     All original contracts between BDO and PRDE specifically stated that BDO certified that the funds assigned to BDO under the contract would not be used for the payment of any lobbying services, regardless of their purpose.   The amended contracts incorporated by

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

reference all unmodified clauses of the original contracts, including the certification mentioned above as to lobbying services.

66.     On the dates listed below, BDO entered into contracts with ASES, signed by the BDO officials stated below, for professional services specified in the contracts and for the maximum amounts and durations listed below:

### BDO CONTRACTS WITH ASES

| Contract Number | Signing Date | Contract Signed on Behalf of BDO by | Contract Duration Until | Contract Amount |
|---|---|---|---|---|
| 2017-000080 | April 3, 2017 | [4] SCHERRER | June 30, 2017 | $828,000.00 |
| 2017-000085 | June 19, 2017 | BDO Vice-President | November 30, 3017 | $125,000.00 |
| 2018-000033 | July 10, 2017 | [4] SCHERRER | June 30, 2018 | $1,375,000.00 |
| 2019-000013 | July 2, 2018 | [4] SCHERRER | July 31, 2018 | $114,583.33 |
| 2019-000056 | October 26, 2018 | BDO Vice-President | June 30, 2019 | $90,000.00 |
| 2019-000062 | November 8, 2018 | [4] SCHERRER | June 30, 2019 | $800,000.00 |

67.     On January 25, 2017, [4] SCHERRER sent an e-mail to [3] VELAZQUEZ, attaching a spreadsheet identified as the "Profit Model."

68.     Between January 2017 and February 2017, [3] VELAZQUEZ exchanged numerous e-mail communications with the Secretary of PRDE and with the Director of ASES.

69.     On March 9, 2017, [4] SCHERRER sent an e-mail to a BDO employee, stating:

| Original Spanish language | English translation |
|---|---|
| "… por favor creale a Alberto Velazquez una cuenta de e-mail de BDO. Va a estar trabajando de contratista en un Proyecto en Educación." | " … please create a BDO e-mail account for Alberto Velazquez. He will be working as a contractor in a Project in Education." |

70.     On April 11, 2017, [3] VELAZQUEZ sent an e-mail to [4] SCHERRER, titled "Invoice Azur," in which [3] VELAZQUEZ stated: "Attached please find Azur's invoice for business development. Direct hours on the client will be billed separately. Thank you. Alberto."

71.     On April 18, 2017, at 2:06 pm, a Human Resource Manager at BDO stated the following in an e-mail she sent to [4] SCHERRER and UCC:

"[UCC's name] is requesting for us to create Alberto Velazquez (AZUR) in Practice. Please give me his contact information, since there is no contract, conflict of interest nor

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

confidentiality agreement with this person (company). We will also need his certificate of
registry for accounting purposes. I understand his billing rate will be $150."

72.     On April 18, 2017, at 3:28 pm, [4] SCHERRER responded to the Resource

Manager's e-mail, described above, copying UCC, stating:

| Original Spanish language | English translation |
|---|---|
| "[Human Resource Manager's name], correcto. Hay que abrir una cuenta de vendor en Practice. Se llama AZUR. Alberto Velazquez es el principal. Ellos van a cobrar de 2 maneras: (1) $150 por hora trabajada y facturada y (2) 10% de los gross revenues que consigan para BDO (comisión). La comisión se pagará a medida que BDO cobre los contratos generados por AZUR. Copio a Alberto para que te de la información que necesites. Alberto, [Human Resource Manager's name] es nuestra Gerente de Recursos Humanos, thus the Big Boss... Pásale a [UCC's name] los contratos de servicio y confidencialidad para que los revise y luego se los envíe a Alberto." | "[Human Resource Manager's name], correct. A vendor account has to be opened in Practice. Its name is AZUR. Alberto Velazquez is the principal. They will get paid in two ways: (1) $150 per hour worked and invoiced and (2) 10% of the gross revenues that they obtain for BDO (commission). The commission will be paid as BDO gets paid for the contracts generated by AZUR. I'm copying Alberto so that he can give you the information you need. Alberto, [Human Resource Manager's Name] is our Human Resource Manager, thus the Big Boss. Pass the service and confidentiality contracts to [UCC's name] so that he can review them and later send them to Alberto." |

73.     On April 19, 2017, [4] SCHERRER, representing BDO, signed an amendment to

contract 2017-AF0159 with PRDE that increased the value of the contract by $589,000.00, for a

total of $1,079,580.00; the amendment left in effect all unmodified clauses of the original contract,

including the certification as to lobbying services mentioned in paragraph 65, above.

74.     On April 19, 2017, at 4:42 pm, the BDO Human Resource Manager referenced

above sent an e-mail to UCC stating the following:

"Here is a draft of the contract for your revision. Once I receive your ok, I will then contact
Alberto. Thank you."

75.     On April 19, 2017, at 5:03pm, UCC responded to the Human Resource Manager's

e-mail mentioned above:

| Original Spanish language | English translation |
|---|---|
| "Revisado. Hay que hacer los siguientes cambios o adiciones. | "Reviewed. The following changes or additions have to be made: |
| 1.  El rate es $150 y no $105 | 1.  The rate is $150 and not $105. |

23

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

| Original Spanish language | English translation |
|---|---|
| 2. *La fecha de comienzo debe ser el 14 de marzo de 2017.* | 2. The starting date should be March 14, 2017. |
| 3. *La fecha de la firma del contrato debe ser en o antes del 14 de marzo de 2017."* | 3. The date of the signing of the contract should be on or before March 14, 2017." |

76.     On April 19, 2017, at around 6:13pm, [4] SCHERRER sent an e-mail to a BDO

official, copying UCC, attaching an invoice and stating:

| Original Spanish language | English translation |
|---|---|
| *"Aqui la factura de comisiones. Como funciona es que el cobra a medida que nosotros cobramos. Esta primera que tiene que ver con la enmienda de $95,000 se la vamos a pagar como adelanto. No va a ser la norma. ... ..."* | "Here's the commissions invoice. The way it works is that he gets paid as we get paid. This first one that has to do with the $95,000 amendment we will pay him in advance. It will not be the norm. ... ..." |

77.     On April 21, 2017, the BDO Human Resource Manager referenced above sent an

e-mail to [4] SCHERRER with the subject matter: "*Contrato de Azur*" ("Azur Contract", in

English), with a document titled, "*Contrato de Contratista Independiente*" ("Independent

Contractor Contract," in English), between BDO, the "First Party," and Azur, represented by

[3] VELAZQUEZ, the "Second Party," with a starting and a signature date of March 14, 2017,

and which read at Paragraph 4, as follows:

| Original Spanish language | English translation |
|---|---|
| *"La Primera Parte se compromete a pagar a la Segunda Parte los honorarios a razón de ciento cincuenta dólares ($150.00) por hora trabajada y facturada. La Segunda Parte también recibirá el diez por ciento (10%) de los ingresos brutos que consignan para la Primera Parte (comisión). Esta comisión se pagará a medida en que la Primera Parte cobre los contratos generados por la Segunda Parte."* | "The First Party promises to pay the Second Party the fees at a rate of one hundred fifty dollars ($150.00) per hour worked and invoiced. The Second Party will also receive ten percent (10%) of the gross income that they obtain for the First Party (commission). This commission will be paid as the First Party receives payment for the contracts generated by the Second Party." |

78.     From 2017 to 2019, [3] VELAZQUEZ used interstate electronic e-mail

communications to submit Azur's invoices for its lobbying services to BDO. On May 16, 2019,

BDO was served with a grand jury subpoena to produce any and all contracts and agreements

between BDO and [3] VELAZQUEZ. That same date, a BDO Managing Partner wrote a letter to

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

[3] VELAZQUEZ notifying the immediate cancelation of the existing business relationship

between BDO and [3] VELAZQUEZ.

### THE SCHEME TO DEFRAUD AND DEPRIVE OF PROPERTY

79.     From in or about February 2017 to in or about January 2019, defendants

[3] VELAZQUEZ and [4] SCHERRER, and others not charged in this superseding indictment,

schemed to deprive PRDE and ASES of its moneys in connection with PRDE and ASES contracts

for professional services with BDO, in that [4] SCHERRER, [3] VELAZQUEZ and others not

charged in this superseding indictment, caused BDO to pay Azur for [3] VELAZQUEZ's lobbying

services in exchange for VELAZQUEZ obtaining PRDE and ASES contracts for BDO, causing

that public funds disbursed by PRDE and ASES be used to pay for said lobbying services, in

violation of Act 103 of May 25, 2006, while concealing said payments for lobbying services in

BDO's invoices to PRDE and ASES

80.     On or about each of the dates set forth below, in the District of Puerto Rico, the

defendants,

**[3] ALBERTO VELAZQUEZ-PIÑOL and
[4] FERNANDO SCHERER-CAILLET,**

aided and abetted by others not charged in this superseding indictment, willfully and knowingly,

having devised and intending to devise a scheme to defraud, and for obtaining money and property

by means of materially false and fraudulent pretenses, representations and promises, transmitted

and caused to be transmitted by means of wire, radio, and television communication in interstate

and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing

such scheme, as follows:

| Count | Date | Description of E-mails and Attachments |
|---|---|---|
| 25 | 02/05/2017 | E-mail from UCC to [3] VELAZQUEZ, with BDO's Engagement Letter for Proposal for Amendment to PRDE contract 2017-AF1059. |

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

| Count | Date | Description of E-mails and Attachments |
|---|---|---|
| 26 | 02/06/2017 | E-mail from [3] VELAZQUEZ to a PRDE official, with BDO's Engagement Letter with Proposal for Amendment to contract 2017-AF1059 with PRDE, in which [3] VELAZQUEZ stated (in Spanish): "L: "*Verifícalo. Me dejas saber si te parece bien para q te lo entreguen. Saludos.*" (English translation: "L: Verify it.  Let me know if it looks good to you so that they provide it to you.  Greetings.") |
| 27 | 02/07/2017 | E-mail from [3] VELAZQUEZ to [1] KELEHER, where [3] VELAZQUEZ wrote: "FYI" and forwarded the e-mail described in the previous count, attaching BDO's Engagement Letter with Proposal for Amendment to contract 2017-AF1059 with PRDE. |
| 28 | 02/14/2017 | E-mail from [3] VELAZQUEZ to [1] KELEHER, where [3] VELAZQUEZ states: "The idea is to have a general enough language that will not limit the various task in the list of things you requested and framed within the funding language necessary. … … … If we make it more specific we may lose some flexibility." |
| 29 | 02/24/2017 | E-mail sent by a BDO Administrative Assistant to [3] VELAZQUEZ, copying UCC, with a Proposal and Engagement Letter for the amendment to PRDE contract 2017-AF0159. |
| 30 | 03/09/2017 | E-mail from [4] SCHERRER to [3] VELAZQUEZ, with e-mails between BDO officials and employees, including e-mail in which [4] SCHERRER instructs a BDO official: "… please create a BDO e-mail account for Alberto.  He will be working as a contractor in a Project at Education." |
| 31 | 04/11/2017 | E-mail from [3] VELAZQUEZ to [4] SCHERRER, attaching Azur's invoice for business development, invoice 20170411. |
| 32 | 07/04/2017 | E-mail from [3] VELAZQUEZ to [4] SCHERRER, Re: Profit Model, with Invoice 20170630A. |
| 33 | 09/12/2017 | E-mail from [3] VELAZQUEZ to UCC, Re: Pending Invoice, with Invoice 20170630-B. |
| 34 | 10/05/2017 | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoice 20170730C: ASES-BDO/July 2017. |
| 35 | 10/31/2017 | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoices 20170731C and 20170831C: PRDE-BDO/July and August 2017, respectively (State and Federal). |
| 36 | 12/19/2017 | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoice 20170930C: PRDE-BDO/September 2017 (State and Federal). |
| 37 | 01/08/2018 | E-mail from [3] VELAZQUEZ to UCC, with Invoices 20180108A and B: PRDE-BDO / October 2017 (Federal and State, respectively). |
| 38 | 01/20/2018 | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoices 20180120A and B: ASES-BDO/October and November 2017, respectively. |
| 39 | 02/13/2018 | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoices 20180212A and B, and 20180213A and B: PRDE-BDO/November and December 2017 (Federal and State Office), respectively. |

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

| Count | Date | Description of E-mails and Attachments |
|-------|------|----------------------------------------|
| 40 | 04/23/2018 | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoice 20180421 and 20180422: ASES-BDO/January and February 2018, respectively. |
| 41 | 05/03/2018 | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoice 20180502A, B and C: PRDE-BDO/January 2018 (Federal and State Affairs Office), February (Federal State Affairs), respectively. |
| 42 | 06/08/2018 | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoice 20180608: PRDE-BDO/March 2018 (Federal Affairs Office). |
| 43 | 07/05/2018 | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoices 20180705A, B and C: ASES-BDO/March, April and May 2018, respectively. |
| 44 | 08/16/2018 | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoices 20180816A, B and C: PRDE-BDO/April, May and June 2018 (Federal Affairs Office), respectively. |
| 45 | 09/20/2018 | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoice 20180920: PRDE-BDO/July 2018 (Federal Affairs Office). |
| 46 | 01/02/2019 | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoices 20190102A, B, C and D: PRDE-BDO/August and September 2018, respectively. |
| 47 | 01/08/2019 2:37pm | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoices 20190108A, B and C: ASES-BDO/September, October and November 2018, respectively. |
| 48 | 01/08/2019 3:14pm | E-mail from [3] VELAZQUEZ to a BDO Internal Accountant, with Invoices 20190107A, B, C and D: PRDE-BDO/October and November 2018, respectively. |

Each e-mail communication so transmitted constituting a separate and distinct violation of Title

18, United States Code, Sections 1343 and 2.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNT 49
### Title 18, <u>United States Code</u>, Section 1349 (Wire Fraud Conspiracy)
### [LOBBYING SERVICES FEE SCHEME]

81.     Paragraphs 62 to 80 are hereby re-alleged and incorporated by reference as though fully set forth herein.  From in or about February 2017 through in or about January 2019, in the District of Puerto Rico, and elsewhere, the defendants,

### [3] ALBERTO VELAZQUEZ-PIÑOL and
### [4] FERNANDO SCHERER-CAILLET,

and others not charged in this superseding indictment, knowingly and willfully conspired with each other to commit an offense against the United States, that is, wire fraud, in violation of Title 18, <u>United States Code</u>, Section 1343; all in violation of Title 18, <u>United States Code</u>, Section 1349.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNTS 50 to 70
### Title 18, United States Code, Sections 1343 and 2 (Wire Fraud)
### [BDO SUB-CONTRACTING SCHEME]

82.     Paragraphs 62 to 80 are hereby re-alleged and incorporated by reference as though fully set forth herein.

83.     All PRDE contracts listed in paragraph 64 prohibited BDO from subcontracting services under the contracts.  All amended PRDE contracts incorporated by reference all unmodified clauses of the original contracts, including said subcontracting prohibition.

84.     All ASES contracts listed in paragraph 66 prohibited BDO from subcontracting services under the contract without the written approval of ASES.  In addition, BDO never obtained any approvals from ASES to subcontract portions of services for work performed under contracts with ASES.

85.     From March 2017 through January 2019, BDO made monthly payments to Azur equal to ten percent (10%), and at times, five percent (5%) of the monthly gross revenues it obtained from its contracts for professional services with PRDE and ASES.

86.     From 2017 to 2019, BDO subcontracted services under its contracts with PRDE and ASES to other individuals in addition to [3] VELAZQUEZ and Azur.  BDO paid these contractors only a fraction of the amounts invoiced to PRDE and ASES for their services, which served to offset BDO's lobbying services payments to Azur.  In its monthly invoices to PRDE and ASES, BDO commingled the names and hours worked by its employees with those of its contractors, creating a false appearance that said contractors were BDO employees.

87.     From 2017 to 2019, [3] VELAZQUEZ used interstate electronic mail communications to submit Azur invoices for [3] VELAZQUEZ's subcontractor services provided to BDO under its contracts with PRDE and ASES.

29

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

88.     During 2017, BDO invoiced PRDE for the subcontractor services of
[3] VELAZQUEZ, as if [3] VELAZQUEZ were a BDO Manager or Senior.  From 2017 to 2019,
BDO invoiced ASES for the subcontractor services of [3] VELAZQUEZ, as if Azur or
[3] VELAZQUEZ were a BDO Principal.

<u>THE SCHEME TO DEFRAUD AND DEPRIVE OF PROPERTY</u>

89.     From in or about February 2017 to in or about January 2019, defendants
[3] VELAZQUEZ and [4] SCHERRER, together with others not charged in this superseding
indictment, for pay and profit, schemed to defraud and deprive PRDE and ASES of moneys in
connection with their contracts for professional services with BDO, by causing BDO to invoice
PRDE and ASES for subcontractor services, knowing that said contracts expressly prohibited BDO
from subcontracting its services, causing BDO to misrepresent [3] VELAZQUEZ as a BDO
Manager and Senior in its invoices to PRDE, and as a BDO Principal in its invoices to ASES, and
causing PRDE and ASES to use public money to pay for said subcontractor services.

90.     On or about each of the dates set forth below, in the District of Puerto Rico and
elsewhere, the defendants,

**[3] ALBERTO VELAZQUEZ-PIÑOL and
[4] FERNANDO SCHERRER-CAILLET,**

aiding and abetting each other and others not charged in this superseding indictment, willfully and
knowingly, having devised and intending to devise a scheme to defraud, and for obtaining money
and property by means of materially false and fraudulent pretenses, representations and promises,
transmitted and caused to be transmitted by means of wire, radio, and television communication
in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose
of executing such scheme:

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

| Count | Date | Description of E-mails and Attachments |
|-------|------|----------------------------------------|
| 50 | 04/11/2017 | E-mail from [3] VELAZQUEZ to [4] SCHERRER, with invoice 20170331B for March 2017 services to PRDE. |
| 51 | 05/01/2017 | E-mail from [3] VELAZQUEZ to UCC, copying [4] SCHERRER, with invoice 20170331B for April 2017 services to PRDE. |
| 52 | 06/02/2017 | E-mail from [3] VELAZQUEZ to UCC, with invoice 20170531 for May 2017 services to PRDE. |
| 53 | 07/04/2017 | E-mail from [3] VELAZQUEZ to UCC, with invoice 20170531 for June 2017 services to PRDE. |
| 54 | 07/06/2017 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20170531 for June 2017 services to PRDE. |
| 55 | 09/04/2017 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20170831 for August 2017 services to ASES. |
| 56 | 10/18/2017 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20170930 for September 2017 services to ASES. |
| 57 | 10/31/2017 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20171031 for October 2017 services to ASES. |
| 58 | 12/01/2017 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20171130 for November 2017 services to ASES. |
| 59 | 01/08/2018 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20171231 for December 2017 services to ASES. |
| 60 | 02/04/2018 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20180131 for January 2018 services to ASES. |
| 61 | 03/01/2018 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20180228 for February 2018 services to ASES. |
| 62 | 04/02/2018 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20180331 for March 2018 services to ASES. |
| 63 | 05/01/2018 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20180430 for April 2018 services to ASES. |
| 64 | 06/01/2018 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20180531 for May 2018 services to ASES. |
| 65 | 06/29/2018 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20180629 for June 2018 services to ASES. |
| 66 | 08/03/2018 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20180731 for July 2018 services to ASES. |
| 67 | 09/03/2018 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20180831 for August 2018 services to ASES. |
| 68 | 10/01/2018 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20180930 for September 2018 services to ASES. |
| 69 | 12/03/2018 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20181130 for November 2018 services to ASES. |
| 70 | 01/04/2019 | E-mail from [3] VELAZQUEZ to a BDO employee, with invoice 20181231 for December 2018 services to ASES. |

Each e-mail communication so transmitted constituting a separate and distinct violation of Title

18, United States Code, Sections 1343 and 2.

31

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNT 71
### Title 18, <u>United States Code</u>, Section 1349 (Wire Fraud Conspiracy)
### [BDO SUB-CONTRACTING SCHEME]

91.     Paragraphs 83 through 90 are hereby re-alleged and incorporated by reference as though fully set forth herein.

92.     From in or about February 2017 through in or about January 2019, in the District of Puerto Rico, and elsewhere, the defendants,

**[3] ALBERTO VELAZQUEZ-PIÑOL and
[4] FERNANDO SCHERRER-CAILLET,**

together with others not charged in this superseding indictment, knowingly and willfully conspired with each other to commit an offense against the United States, that is, Wire Fraud, in violation of Title 18, <u>United States Code</u>, Section 1343; all in violation of Title 18, <u>United States Code</u>, Section 1349.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNTS 72 to 81
### Title 18, United States Code, Sections 1343 and 2 (Wire Fraud)
### [DEPRIVATION OF CONFIDENTIAL ASES INFORMATION SCHEME]

93.      Paragraphs 2, 3, 9, 10, 11, 11(b), and 11(d) of the General Allegations are hereby

re-alleged and incorporated by reference as though fully set forth herein.

94.      On February 18, 1997, defendant [2] AVILA, then working in ASES's Finance

Department,  signed a document titled, in Spanish, *Compromiso con Puerto Rico and ASES*

(Commitment with Puerto Rico and ASES, in English), where, among other things she indicated:

| Original Spanish language | English translation |
|---|---|
| *"Yo, Angela M. Avila Marrero, como servidor público en la Administración de Seguros de Salud de Puerto Rico renuevo mi compromiso de:*<br>*** | "I, Angela M. Avila Marrero, as a public servant in the Health Insurance Administration of Puerto Rico renew my commitment of:<br>*** |
| *7. No utilizar ni divulgar para mi lucro personal, o de cualquier otra persona o entidad, información confidencial que llegue a mi conocimiento a través de mis funciones públicas."* | 7. Not using or divulging for my personal profit, or that of any other person or entity, confidential information that reaches my knowledge through my public functions." |

95.      On January 10, 2017, at around 1:59pm, [3] VELAZQUEZ memorialized in his

Gmail account the following:

| Original Spanish language | English translation |
|---|---|
| *"Gob! Voy a estar ayudando a* [name of Health Department Secretary] *en Salud/Ases. Sé q estás evaluando candidatos para Dir Ej de Ases y q Angie Avila está interina. Quiero aportarte mi opinión por si es de ayuda antes de q tomes una decisión final sobre el tema. No creo q haya nadie q conozca el programa técnicamente mejor q Angie. Ella es extremadamente respetada en CMS. Esa relación es crítica para mover la agenda hacia adelante. ... ... ..."* | "Gov!   I will be helping [name of Health Department Secretary] at Salud/Ases. I know that you are evaluating candidates for Ex Dir of Ases and that Angie Avila is acting.  I want to contribute my opinion if it helps before you make a final decision about the matter.  I don't think that there is anyone who technically knows the program better than Angie.  She is extremely respected at CMS.  This relationship is critical to move the agenda forward. ... ... ..." |

96.      On January 25, 2017, [2] AVILA attended a meeting of ASES's Board of Directors,

where she stated the following in relation the new service providers for ASES, among them, BDO:

| Original Spanish language | English translation |
|---|---|
| *"Y que gozan de la confianza de ... de nuestra administración."* | "And they have the trust of ... of our administration." |

33

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

97.     Companies B and C were corporations authorized to conduct business in Puerto Rico, and had been awarded contracts with ASES in 2016, after submitting their respective professional service contract proposals to ASES.

## THE SCHEME TO DEPRIVE OF PROPERTY

98.     From in or about January 2017, to in or about February 2017, defendants [2] AVILA and [3] VELAZQUEZ schemed to defraud and deprive ASES of the right to the exclusive use of its confidential information through deceptive means, in that [2] AVILA used her position as Director of ASES for the purpose of obtaining, disclosing and converting ASES confidential information for the use of a third party, [3] VELAZQUEZ, causing the transmission of interstate electronic mail communications for the purpose of disclosing said confidential information.

99.     On or about each of the dates set forth below, in the District of Puerto Rico and elsewhere, the defendants,

**[2] ANGELA AVILA-MARRERO and
[3] ALBERTO VELAZQUEZ-PIÑOL,**

aiding and abetting each other, willfully and knowingly, having devised and intending to devise a scheme to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme:

| Count | Date | Description of E-mails and Attachments |
|-------|------|----------------------------------------|
| 72 | 01/16/2017 2:20pm | E-mail from [2] AVILA's ASES e-mail address to her Yahoo! address, with confidential ASES information in an Excel file identified as *Contratos de Servicios Profesionales y Comprados 2017 LR.xlsx.* |
| 73 | 01/16/2017 3:10pm | E-mail from [2] AVILA'S ASES address to her Yahoo! address, with confidential ASES information, such as Company B's professional services contract proposal to ASES. |

34

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

| Count | Date | Description of E-mails and Attachments |
|---|---|---|
| 74 | 01/16/2017 3:11pm | E-mail from [2] AVILA'S ASES address to her Yahoo! address, containing confidential ASES information, such as Company C's professional services contract proposal to ASES. |
| 75 | 01/16/2017 3:41pm | E-mail from [2] AVILA's Yahoo! address to [3] VELAZQUEZ, with confidential ASES information in an Excel file identified as *Contratos de Servicios Profesionales y Comprados 2017LR.xlsx*. |
| 76 | 01/16/2017 3:42pm | E-mail from [2] AVILA'S Yahoo! address to [3] VELAZQUEZ, forwarding confidential ASES information, such as Company B's professional services contract proposal to ASES. |
| 77 | 01/16/2017 3:43pm | E-mail from [3] VELAZQUEZ to [2] AVILA's Yahoo! address, where [3] VELAZQUEZ acknowledges receipt of the e-mail with confidential ASES information described in Count 75. |
| 78 | 01/16/2017 3:46pm | E-mail from [2] AVILA's Yahoo! address to [3] VELAZQUEZ, forwarding confidential ASES information, such as Company C's professional services contract proposal to ASES. |
| 79 | 01/25/2017 1:05am | E-mail from [2] AVILA's Yahoo! address to [3] VELAZQUEZ, with confidential ASES information, such a draft of the agenda of a meeting of ASES's Board of Directors and a draft of the report of said meeting, scheduled to take place later that day at 5:30pm. |
| 80 | 02/27/2017 4:06pm | E-mail from [2] AVILA's secretary to [3] VELAZQUEZ, with confidential ASES information, such as the status of various petitions pending before ASES, including those of BDO and IGS. |
| 81 | 02/27/2017 4:16pm | E-mail from [3] VELAZQUEZ to [2] AVILA's secretary at ASES, confirming receipt of the confidential ASES information regarding petitions pending before ASES, including those of BDO and IGS. |

Each e-mail communication so transmitted constituting a separate and distinct violation of Title

18, United States Code, Sections 1343 and 2.

35

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNTS 82 and 83
## 18 U.S.C. § 1343
## (Wire Fraud)
## [DEPRIVATION OF CONFIDENTIAL ASES INFORMATION]

100.    Paragraphs 94 to 100 are hereby re-alleged and incorporated by reference as though fully set forth herein.

101.    Company B was a corporation authorized to conduct business in Puerto Rico.

102.    Company B had been awarded a contract with ASES in 2016, after submitting its Professional Service Contract proposal to ASES. The contract specified the services that Company B was to provide to ASES, and specified that Company B could invoice ASES a maximum of $2,300,000.00 with a contract duration from July 1, 2016 until June 30, 2017.

103.    On January 16, 2017 at 3:10pm, [2] AVILA sent an e-mail from her ASES address to her Yahoo! address, with confidential ASES information, such as Company B's professional services contract proposal to ASES.

104.    On January 16, 2017, at 3:42pm, [2] AVILA sent an e-mail from her Yahoo! address to [3] VELAZQUEZ, with confidential ASES information, such as Company B's professional services contract proposal to ASES.

105.    On January 20 and January 23, 2017, [3] VELAZQUEZ and [4] SCHERRER had telephonic conversations.

THE SCHEME TO DEFRAUD AND DEPRIVE OF PROPERTY

106.    From in or about January 2017, to in or about February 2017, defendants [2] AVILA, [3] VELAZQUEZ and [4] SCHERRER schemed to defraud and deprive ASES of the right to the exclusive use of its confidential information through deceptive means, in that [2] AVILA used her position as Director of ASES for the purpose of obtaining, disclosing and converting ASES confidential information for the use of third parties, [3] VELAZQUEZ and [4]

36

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

SCHERRER, causing the transmission of interstate electronic mail communications for the purpose of disclosing said confidential information.

107.   On or about each of the dates set forth below, in the District of Puerto Rico, and elsewhere, the defendants,

**[2] ANGELA AVILA-MARRERO,**
**[3] ALBERTO VELAZQUEZ-PIÑOL, and**
**[4] FERNANDO SCHERRER-CAILLET,**

aiding and abetting each other, willfully and knowingly, having devised and intending to devise a scheme to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme:

| Count | Date | Description of E-mails and Attachments |
|---|---|---|
| 82 | 01/20/2017 | E-mail from [3] VELAZQUEZ to [4] SCHERRER's Yahoo! address, attaching confidential ASES information, such as Company B's Proposal for Professional Services for Audit of Inspection Plan and other work 2016-2017 to ASES. |
| 83 | 01/24/2017 | E-mail from [4] SCHERRER Yahoo! address to [2] AVILA's Yahoo! address, copying [3] VELAZQUEZ, with BDO's contract proposal with ASES. |

Each e-mail communication so transmitted constituting a separate and distinct violation of Title 18, United States Code, Sections 1343 and 2.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNT 84
## 18 U.S.C. § 1349
## (Wire Fraud Conspiracy)

108.    Paragraphs 101 to 107 are hereby re-alleged and incorporated by reference as though fully set forth herein.

109.    From in or about January 2017, through in or about February 2017, in the District of Puerto Rico, and elsewhere, the defendants,

**[2] ANGELA AVILA-MARRERO,**
**[3] ALBERTO VELAZQUEZ-PIÑOL and**
**[4] FERNANDO SCHERRER-CAILLET,**

and others not charged in this superseding indictment, knowingly and willfully conspired to commit an offense against the United States, that is, wire fraud, in violation of Title 18, United States Code, Section 1343; all in violation of Title 18, United States Code, Section 1349.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNTS 85 to 89
### Title 18, <u>United States Code</u>, Sections 1343 and 2 (Wire Fraud)
### [DEPRIVATION OF ASES CONFIDENTIAL INFORMATION]

110.    Paragraphs 2, 3, 8, 9, 10, 11, 11(b), and 11(d) of the General Allegations are hereby re-alleged and incorporated by reference as though fully set forth herein.

111.    Companies A, B, and C were corporations authorized to conduct business in Puerto Rico.

112.    In 2016, Companies A, B and C, were each awarded a contract to perform services for ASES after they submitted their respective contract proposals to ASES.  The contracts had a duration of up to June 30, 2017,

### THE SCHEME TO DEFRAUD AND DEPRIVE OF PROPERTY

113.    From on or about January 16, 2017 to on or about January 23, 2017, defendants [2] AVILA, [3] VELAZQUEZ and [7] JOVER schemed to defraud and deprive ASES of the right to the exclusive use of its confidential information through deceptive means, in that [2] AVILA used her position as Director of ASES for the purpose of obtaining, disclosing and converting ASES confidential information for the use of third parties, [3] VELAZQUEZ and [7] JOVER, causing the use of interstate electronic mail communications for the purpose of disclosing said confidential information.

114.    On or about each of the dates set forth below, in the District of Puerto Rico and elsewhere, the defendants,

### [2] ANGELA AVILA-MARRERO,
### [3] ALBERTO VELAZQUEZ-PIÑOL and
### [7] ANIBAL JOVER-PAGES,

aiding and abetting each other, willfully and knowingly, having devised and intending to devise a scheme to defraud, and for obtaining money and property by means of materially false and

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by

means of wire, radio, and television communication in interstate and foreign commerce, writings,

signs, signals, pictures, and sounds for the purpose of executing such scheme:

| Count | Date | Description of E-mails and Attachments |
|---|---|---|
| 85 | 01/16/2017 6:25pm | E-mail from [3] VELAZQUEZ to [7] JOVER, with confidential ASES information, including professional service proposals by Company B and Company C. |
| 86 | 01/18/2017 11:15am | E-mail from [2] AVILA's secretary to [3] VELAZQUEZ, with confidential ASES information, including a professional service proposal by Company A. |
| 87 | 01/18/2017 11:36am | E-mail from [3] VELAZQUEZ to [7] JOVER, in which [3] VELAZQUEZ states, in Spanish: "*Este es el contrato que vamos a reemplazar. Cuando lo revises, hablamos.*" (English translation: "This is the contract that we will replace. We'll talk when you review it.") Attached to the e-mail was confidential ASES information, including a Professional Services Proposal by Company A. |
| 88 | 01/20/2017 | E-mail from [7] JOVER to an IGS official, in which [7] JOVER attaches Company A's Professional Service Proposal and states, in Spanish: "*PARA Preparar Propuesta de IGS. Este contrato vamos añadirle todas los servicios que provee IGS además, añadir generalidades y amplitud de servicios que te puedas imaginar, y/o tareas específicas. Necesitaremos tenerlo para el lunes para que la Junta lo apruebe el miércoles. Gracias!!* (English translation: "To Prepare IGS Proposal. To this contract we will add all the services that IGS provides in addition, add generalities and breadth of services that you can imagine, and/or specific tasks. We need to have it for Monday so that the Board can approve it on Wednesday. Thank you!") |
| 89 | 01/23/2017 | E-mail from [3] VELAZQUEZ to [2] AVILA, copying [7] JOVER, in which [3] VELAZQUEZ states, in Spanish: "*Angie: Adjunto la propuesta revisada según conversáramos.*" (English translation: "Angie: Attached here is the proposal as per our conversation.") Attached to the e-mail was a file (IGS PRHIA Proposal 2017.docx). |

Each e-mail communication so transmitted constituting a separate and distinct violation of Title

18, United States Code, Sections 1343 and 2.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNT 90
## 18 U.S.C. § 1349
## (Wire Fraud Conspiracy)
## [DEPRIVATION OF ASES CONFIDENTIAL INFORMATION]

115.    Paragraphs 111 to 114 are hereby re-alleged and incorporated by reference as though fully set forth herein.

116.    From on or about January 16, 2017, through on or about January 23, 2017, in the District of Puerto Rico, and elsewhere, the defendants,

**[2] ANGELA AVILA-MARRERO,**
**[3] ALBERTO VELAZQUEZ-PIÑOL and**
**[7] ANIBAL JOVER-PAGES,**

and others not charged in this superseding indictment, knowingly and willfully conspired to commit an offense against the United States, that is, wire fraud, in violation of Title 18, United States Code, Section 1343; all in violation of Title 18, United States Code, Section 1349.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

### COUNTS 91 to 97
### Title 18, <u>United States Code</u>, Sections 1343 and 2 (Wire Fraud)
### [IGS SUBCONTRACTING SCHEME]

117.    Paragraphs 3, 8, 9 and 10 of the General Allegations are hereby re-alleged and incorporated by reference as though fully set forth herein.

118.    On the dates listed below, IGS entered into the following professional services contracts with ASES, for the maximum amounts and the durations listed below:

### IGS CONTRACTS WITH ASES

| Contract Number | Signing Date | Contract Signed on behalf of IGS | Duration Until | Contract Amount |
|---|---|---|---|---|
| 2017-000020 | 07/01/2016 | IGS Project Manager | 06/30/2017 | $264,800.00 |
| 2018-000032 | 07/10/2017 | [7] JOVER | 06/30/2018 | $1,300,000.00 |

119.    Each of the abovementioned contracts contained the following provisions:

"Neither this Agreement, nor the services to be provided hereunder, may be assigned or subcontracted without the written approval of ASES. The request to contract a third party must specify the matters in which he/she will intervene and must be submitted in writing."

120.    During 2017 and 2018, IGS never obtained written approval from ASES to subcontract any services under its contracts with ASES.

121.    Individual D was a relative of [3] JOVER and worked at IGS. Individual E was an independent contractor of IGS.

122.    Sometime around March 2017, [3] VELAZQUEZ and [7] JOVER agreed that [3] VELAZQUEZ, through Azur, would invoice IGS for [3] VELAZQUEZ's services in connection with ASES's contracts with IGS.

### THE SCHEME TO DEFRAUD AND DEPRIVE OF PROPERTY

123.    From in or about March 2017 to in or about July 2017, defendants [3] VELAZQUEZ and [7] JOVER schemed to defraud and deprive ASES of its moneys in connection with its contracts for professional services with IGS, in that defendants caused IGS to

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

invoice ASES for services subcontracted by IGS to [3] VELAZQUEZ and others, while

misrepresenting [3] VELAZQUEZ in IGS invoices as an IGS Partner, and misrepresenting other

IGS contractors as employees of IGS, in violation of IGS's contracts with ASES, which expressly

prohibited IGS from subcontracting the services under the contracts.

    124.    On or about the dates listed below, in the District of Puerto Rico, the defendants,

<strong>[3] ALBERTO VELAZQUEZ-PIÑOL and<br>[7] ANIBAL JOVER-PAGES,</strong>

aiding and abetting each other and others not charged in this superseding indictment, willfully and

knowingly, having devised and intending to devise a scheme to defraud, and for obtaining money

and property by means of materially false and fraudulent pretenses, representations and promises,

transmitted and caused to be transmitted by means of wire, radio, and television communication

in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose

of executing such scheme, as follows:

| Count | Date | Description of E-mails and Attachments |
|---|---|---|
| 91 | 03/05/2017 | E-mail from [3] VELAZQUEZ to Individual D, copying [7] JOVER, with invoice 20170228 for February 2017 services. |
| 92 | 04/09/2017 | E-mail from [3] VELAZQUEZ to Individual D, copying [7] JOVER, with invoice 20170331 for March 2017 services. |
| 93 | 05/04/2017 | E-mail from [3] VELAZQUEZ to [7] JOVER and Individual D, with invoice 20170430 for April 2017 services, and other attachments. |
| 94 | 05/08/2017 | E-mail from [3] VELAZQUEZ to [7] JOVER and Individual D, with invoice 20170430 (revised) for April 2017 services. |
| 95 | 06/07/2017 | E-mail from [3] VELAZQUEZ to Individual D, copying [7] JOVER, with invoice 20170531 for May 2017 services. |
| 96 | 07/04/2017 | E-mail from [3] VELAZQUEZ to Individual D, copying [7] JOVER, with invoice 20170531 for June 2017 services. |
| 97 | 07/27/2017 | E-mail from Individual E to [7] JOVER and Individual D, copying [2] AVILA and [3] VELAZQUEZ, requesting information about pending payments in relation to Individual E's services under IGS's contract with ASES. |

Each e-mail communication so transmitted constituting a separate and distinct violation of Title

18, <u>United States Code</u>, Sections 1343 and 2.

43

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## COUNT 98
### Title 18, <u>United States Code</u>, Section 1349 (Conspiracy to Commit Wire Fraud)
### [IGS-ASES SUBCONTRACTING SCHEME]

125.    Paragraphs 117 through 124 are hereby re-alleged and incorporated by reference as though fully set forth herein.

126.    From in or about March 2017 through in or about July 2017, in the District of Puerto Rico, and elsewhere, the defendants,

### [3] ALBERTO VELAZQUEZ-PIÑOL and
### [7] ANIBAL JOVER-PAGES,

and others not charged in this superseding indictment, knowingly and willfully conspired to commit an offense against the United States, that is, wire fraud, in violation of Title 18, <u>United States Code</u>, Section 1343; all in violation of Title 18, <u>United States Code</u>, Section 1349.

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

## FORFEITURE ALLEGATIONS

127.    The allegations contained in each of the Counts listed below for each of the

defendants so listed are hereby re-alleged and incorporated by reference for the purpose of alleging

forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 21, United

States Code, Section 2461(c).

128.    Upon conviction of an offense in violation of Title 18, United States Code, Section

666, 1343, or 1349, set forth in the Counts listed below for each defendant,

**[1] JULIA BEATRICE KELEHER (Counts 1-24),**

**[2] ANGELA AVILA-MARRERO (Counts 72-90),**

**[3] ALBERTO VELAZQUEZ-PIÑOL (Counts 25-98),**

**[4] FERNANDO SCHERRER-CAILLET (Counts 25-71 and 82-84) and**

**[7] ANIBAL JOVER-PAGES (Counts 85-98),**

said defendant shall forfeit to the United States of America, pursuant to Title 18, United States

Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real

or personal, which constitutes, or is derived from, proceeds traceable to the offenses.

129.    If any of the properties described above, as a result of any act or omission of the

defendants (a) cannot be located upon the exercise of due diligence, (b) have been transferred or

sold to, or deposited with a third party, (c) have been placed beyond the jurisdiction of the court,

(d) have been substantially diminished in value, or (e) have been commingled with other property

which cannot be divided without difficulty, the United States of America shall be entitled to

forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 28, United States Code, Section 2461(c).

45

Superseding Indictment – Crim. No. 19-431 (PAD)
United States v. Julia Beatrice Keleher, et al.

**TRUE BILL**

FOREPERSON

Date: August 10, 2020

W. STEPHEN MULDROW
UNITED STATES ATTORNEY

Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Crimes Unit

Alexander L. Alum
Assistant U.S. Attorney

José A. Ruiz-Santiago
Assistant U.S. Attorney